USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO MORALES,

                Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

18cv1573 (JGK) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

On November 21, 2019, this Court issued an Order (Dkt. 41) finding, *inter alia*, that Defendants had not demonstrated that certain otherwise discoverable documents could be withheld from production or redacted based on a claimed deliberative process privilege, and thus directing Defendants to produce those documents. More specifically, this Court found that Defendants had not shown that the communications reflected in those documents were deliberative and predecisional – requirements for invoking the privilege. This Court, however, also stated in its Order that Defendants potentially had a valid argument for withholding or redacting two documents (marked as Priv-Redact 0001 and 0002), both of which contained internal email communications, and the Court directed Defendants to provide it with unredacted copies of those documents for *in camera* review.

Having received the two documents and reviewed the relevant email communications contained therein, this Court finds that neither document is protected by the deliberative process privilege. Although Defendants' letter justifying their invocation of the privilege had described the documents as reflecting internal deliberation of an executive order regarding deed-restriction modifications (*see* Dkt. 38, at 3 (suggesting that this executive order was issued by Mayor Bill DeBlasio four days after the emails were written)), the emails contain absolutely

no reference, express or implied, to any contemplated executive order or any other City policy or action. As an alternative rationale for withholding or redacting the documents, Defendants had contended that the emails feature internal "discussions on what to say to the press regarding the deed restriction removal process." (*Id.*) Even setting aside this Court's previously noted skepticism that discussions of this kind would constitute government policymaking entitled to protection under the deliberative process privilege (*see* Dkt. 41, at 8), the emails at issue do not, in fact, contain any discussions about what to say to the press or any reference to the deed-restriction removal process. The emails, more accurately, reflect the reactions of City officials to the rumored investigative activities of the press. Defendants have cited no authority, and this Court is aware of none, supporting the proposition that government officials' mere reactions to external events, without any deliberative discussion of what agency determination should be made in response to those events, represent substantive policymaking.

For all of these reasons, Defendants are directed produce to Plaintiff unredacted copies of the documents they have labeled Priv-Redact 0001 and 0002 no later than one week from the date of this Order.

Dated: New York, New York
December 12, 2019

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)