UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO MORALES,

                        Plaintiff,

-against-

CITY OF NEW YORK, et al.

                        Defendants.

No. 18cv1573 (JGK) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

By Memorandum and Order dated November 21, 2019 (the "11/21/19 Order") (Dkt. 41), this Court, as relevant here, granted the motion of plaintiff Ricardo Morales ("Plaintiff") to compel the deposition of Jon Paul Lupo ("Lupo"), former Director of Intergovernmental Affairs for the Office of the Mayor, but denied, without prejudice, Plaintiff's motion to compel the deposition of Anthony Shorris ("Shorris"), former First Deputy Mayor of New York, and Emma Wolfe ("Wolfe"), Chief of Staff to the Mayor. About four months later, after the Lupo deposition was held, Plaintiff then sought (1) to renew his request to take the depositions of Shorris and Wolfe, and (2) to obtain the Court's permission to take another deposition – not the subject of his prior motion – specifically, the deposition of former Mayoral Press Secretary Karen Hinton ("Hinton"). (Letter Motion to Compel City of New York to Produce Witnesses, dated Mar. 13, 2020 ("Pl. 3/13/20 Mtn.") (Dkt. 52.).) Defendants have opposed both of these requests. (Letter Response in Opposition to Motion, dated Mar. 25, 2020 ("Defs. 3/25/20 Opp.") (Dkt. 55.)  Having considered Plaintiff's current application in light of his prior motion and the history of discovery in this case, Plaintiff's application for additional discovery is denied.

**Depositions of Shorris and Wolfe**

In its November 2019 Order, this Court found that Plaintiff had failed to meet his burden of demonstrating "exceptional circumstances" that justified taking the depositions of Shorris and Wolfe, who served as "high-ranking officials" in the Mayor's Office at or around the time that Plaintiff was terminated from his employment.  (11/21/19 Order, at 13-14.)  In particular, this Court stated that Plaintiff had not shown, through cited evidence, "that Shorris ha[d] unique first-hand knowledge related to Plaintiff's claims" (*id.*, at 17), and, likewise, had not put forward "a clear link between Plaintiff's firing and Wolfe's alleged conduct" (*id.*, at 19).

In an effort to address these particular points in his renewed request, Plaintiff has submitted multiple email chains involving various City officials, and excerpts of deposition testimony from Defendant Commissioner Lisette Camilo ("Camilo"), Department of Citywide Administrative Services ("DCAS"), and two non-party witnesses, Dominic Williams ("Williams"), Chief Policy Advisor for the Office of the Mayor, and Emily Newman ("Newman"), former First Deputy Commissioner of DCAS.  (*See* Pl. 3/13/20 Mtn., Exs. D-E, H-O.)  According to Plaintiff, these email chains "confirm that Shorris and Wolfe have unique personal knowledge relevant to Plaintiff's claims."  (*Id.*, at 1.)

Upon review of Plaintiff's renewed request and the documentation submitted in support, this Court continues to find that no "exceptional circumstances" justify the depositions of either Shorris or Wolfe.  *Lederman v. N.Y. City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  Neither the emails that Plaintiff has submitted as exhibits, nor the excerpts of deposition testimony from Camilo, Williams, and Newman, fill in the gaps in the evidence that Plaintiff had previously cited, and they thus do not demonstrate that such exceptional

circumstances are present.  Accordingly, Plaintiff's renewed motion to compel the depositions of Shorris and Wolfe is denied.

## Deposition of Hinton

Plaintiff now contends that Hinton's deposition is necessary because Hinton allegedly had "substantial involvement in the communications concerning [Plaintiff] and the link between him, Rivington and an investigation by the U.S. Attorney's [O]ffice."  (Pl. 3/13/20 Mtn., at 9.)

It appears, however, that Plaintiff has known of the role purportedly played by Hinton since at least December 16, 2019 – the date on which Defendants produced unredacted copies of two email chains, marked as Priv-Redact 0001 and 0002.  (*See id.*, Exs. D & E.)  In fact, Plaintiff appears to concede that his request to depose Hinton is based on the information that he acquired from those two specific email chains, and not from the depositions of Williams and Lupo that occurred in late January of 2020.  (*See id.*, at 9 (stating that "[t]he request to depose Hinton was not made earlier because [D]efendants[] wrongfully withheld Redact 1 & 2 . . .").)  Yet, Plaintiff did not seek to depose Hinton in either December of 2019 or in January of 2020, even though Plaintiff was in communication with Defendants during those months as the parties scheduled the depositions of Williams and Lupo.  (*See id.*, at 1 (describing the parties' scheduling efforts).)  Rather, Plaintiff waited until February 5, 2020, two days before the (extended) close of fact discovery, to subpoena Hinton for a deposition.  (Dkt. 49.)

While there may be circumstances where allowing discovery outside of a discovery cut-off is warranted, Plaintiff has not offered good cause, in this instance, for this delay.  *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  If this witness is as important to Plaintiff's case as Plaintiff now tries to suggest, then he should have made diligent efforts to subpoena her, on reasonable notice, for a deposition within the discovery period.  Plaintiff has

3

not demonstrated such diligence.  Further, assuming Hinton, as the former Mayoral Press Secretary, qualifies (similarly to the other witnesses at issue) as a "high-ranking government official" as that term is defined in the case law, *see Lederman*, 731 F.3d at 203,[1] this Court finds that Plaintiff has not demonstrated any "exceptional circumstances" that warrant taking her deposition.  In particular, Plaintiff has not articulated any link, supported by cited evidence, between his firing and Hinton's alleged conduct.  Accordingly, Plaintiff's motion to compel the deposition of Hinton is also denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. 52) is denied in all respects.  This Court concludes that discovery in this action is now closed, and the parties are directed (1) to submit a joint status letter to this Court, no later than May 29, 2020, regarding the potential for settlement of this action, and (2) to consult Judge Koeltl's Individual Practices regarding any potential summary judgment motions and trial.

Dated:  New York, New York
         May 20, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

---

[1] The parties have not addressed whether Hinton qualifies as a "high-ranking governmental official" who, absent exceptional circumstances, should not be called to testify regarding the reasons for taking official action.  *See Lederman*, 731 F.3d at 203; *see generally* Pet. 3/13/20 Mtn., at 8-9; Defs. 3/25/20 Opp., at 1, 4-5.